LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
Gary F. Herbst, Esq. (GFH#2498)
David A. Blansky, Esq. (DB#1260)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT BROOKLYN
---------------------------------------------------------x
In re:

DAVANAND SINGH,

       Debtor.
---------------------------------------------------------x
DEBRA KRAMER, as Trustee of
the Estate of DAVANAND SINGH,

       Plaintiff,

   -against-

VISHWA SOOKLALL,

       Defendant.
---------------------------------------------------------X

Chapter 7

Case No.: 806-44392-cec

Adv. Pro. No.

**COMPLAINT**

Plaintiff, Debra Kramer, as Chapter 7 Trustee (the "Plaintiff") of the estate of Davanand Singh (the "Debtor"), by her attorneys, LaMonica Herbst & Maniscalco, LLP ("LH&M"), as and for her Complaint against defendant Vishwa Sooklall (the "Defendant"), alleges as follows:

**Jurisdiction and Venue**

1.    This adversary proceeding is brought under 11 U.S.C. §§ 105, 541, 542, 544, 547, 548(a), 550, and 551, New York State Debtor and Creditor Law § 272, et. seq., and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to recover property of the estate, which has been wrongfully conveyed to the Defendant.

1

2. Since this action arises under the pending Chapter 7 bankruptcy case of the Debtor, the United States Bankruptcy Court for the Eastern District of New York (the "Court") has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rules 6009 and 7001.

3. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(E),(F),(H), and (O).

4. Under 28 U.S.C. § 1409(a), this Court is the proper venue for this proceeding.

## Background

5. On November 16, 2006 (the "Filing Date"), the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") with the Court.

6. Thereafter, by Notice of Appointment, the Plaintiff was appointed the Interim Chapter 7 Trustee of the Debtor's estate, and by operation of law became the permanent Trustee of the Estate.

## The Parties

7. The Defendant is an individual residing at 9065 New Hope Court, Royal Palm Beach, Florida 33411.

8. Plaintiff is authorized to file this action under § 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

## The Transfer

9. Until on or about February 10, 2006, the Debtor was the owner of all right, title and interest in the cooperative apartment known as, and located at, 35-10 Clearview Expressway, Unit 348, Bayside, New York 11361 (the "Coop").

10. In or about October 2005, the Debtor entered into a contract to sell the Coop for $210,000.00.

11. A closing on the sale of the Coop was held on or about February 10, 2006.

12. According to the HUD-1 settlement statement executed by the Debtor at the closing, the sum of $103,858.63 was due him from the proceeds of sale of the Coop.

13. From the proceeds of sale the Defendant received a check in the sum of $101,826.46 (the "Transfer"), dated February 9, 2006.

14. The Debtor received less than reasonably equivalent value or fair consideration for the Transfer.

15. Upon information and belief, at the time of the Transfer, the Debtor had creditors holding unsecured claims against him.

16. Notwithstanding Plaintiff's demand, the Defendant has failed to deliver the proceeds of sale to her.

## **FIRST CLAIM FOR RELIEF**
(Property of the Estate)

17. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "16" as if set forth fully herein.

18. The Debtor has a legal and equitable interest in the Transfer.

19. The Debtor's legal and equitable interest in the Transfer is property of the estate.

20. By reason of the foregoing, the Plaintiff is entitled to the entry of an Order, under §§541 and 542 of the Bankruptcy Code, against the Defendant: (a) in an amount as yet undetermined, but in no event less than $101,826.46; (b) declaring the Transfer to be the property of the estate; (c) directing the Defendant to immediately turnover the Transfer; and (d) for a full and complete accounting of the Defendant's use of the Transfer.

## SECOND CLAIM FOR RELIEF
(Fraudulent Conveyance)

21. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "20" as if set forth fully herein.

22. At the time of the Transfer, the Debtor was insolvent or rendered insolvent as a result of these transfers.

23. The Transfer constitutes a fraudulent conveyance in violation of New York State Debtor and Creditor Law § 273.

24. Under Bankruptcy Code §§ 544(b), and 550, and New York State Debtor and Creditor Law § 273, the Plaintiff may avoid the Transfer.

25. By reason of the foregoing, the Plaintiff is entitled to judgment against the Defendant: (a) setting aside the Transfer; and (b) in an amount as yet undetermined, but in no event less than $101,826.46, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court.

## THIRD CLAIM FOR RELIEF
(Fraudulent Conveyance)

26. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "25" as if set forth fully herein.

27. At the time of the Transfer, the Debtor had incurred, or was intending to incur, debts beyond his ability to pay them as they became due.

28. The Debtor did not receive fair consideration from the Defendant for the Transfer.

29. The Transfer constitutes a fraudulent conveyance of the Debtor's assets in violation of New York State Debtor and Creditor Law § 275.

30. Under Bankruptcy Code §§ 544(b), and 550, and New York State Debtor and Creditor Law § 275, the Plaintiff may avoid the Transfer.

31. By reason of the foregoing, the Plaintiff is entitled to judgment against the Defendant: (a) setting aside the Transfer; and (b) in an amount as yet undetermined, but in no event less than $101,826.46, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court.

### FOURTH CLAIM FOR RELIEF
(Fraudulent Conveyance)

32. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "31" as if set forth fully herein.

33. The Transfer was made with the actual intent to hinder, delay, or defraud present or future creditors in violation of New York State Debtor and Creditor Law § 276.

34. Under the Bankruptcy Code §§ 544(b), and 550, and New York State Debtor and Creditor Law § 276, the Plaintiff may avoid the Transfer.

35. By reason of the foregoing, the Plaintiff is entitled to judgment against the Defendant: (a) setting aside the Transfer; and (b) in an amount as yet undetermined, but in no event less than $101,826.46, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court.

### FIFTH CLAIM FOR RELIEF
(Attorney's Fees)

36. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "35" as if set forth fully herein.

37. The Transfer constitutes a fraudulent conveyance of the Debtor's assets in violation of New York State Debtor and Creditor Law § 276-a.

38. By reason of the foregoing, the Plaintiff is entitled to judgment against the Defendant, under New York State Debtor and Creditor Law § 276-a, for reasonable attorney's fees in an amount to be determined by the Court in connection with the prosecution of this action.

**SIXTH CLAIM FOR RELIEF**
(Fraudulent Conveyance)

39. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "38" as if set forth fully herein.

40. The Transfer was made by the Debtor with the actual intent to hinder, delay, or defraud her creditors.

41. As such, the Transfer constitutes a fraudulent conveyance in violation of § 548(a)(1)(A) of the Bankruptcy Code.

42. Defendant is the initial or immediate transferee of the Transfer within the meaning of 11 U.S.C. § 550(a).

43. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant, under §§ 548(a)(1)(A) and 550(a)(2) of the Bankruptcy Code: (a) avoiding the Transfer; (b) setting aside the Transfer as a fraudulent conveyance; (c) in an amount as yet undetermined, but in no event less than $101,826.46, together with interest thereon, and (d) for a full and complete accounting therefor.

**SEVENTH CLAIM FOR RELIEF**
(Fraudulent Conveyance)

44. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "43" as if set forth fully herein.

45. Upon information and belief, the Debtor received less than reasonably equivalent value in exchange for the Transfer and (a) was insolvent on the date of the transfers or was made or

6

rendered insolvent as a result of the Transfer; (b) was engaged in or about to engage in a business or transaction for which the property remaining was unreasonably small capital; or (c) intended to incur or believed that he would incur debts beyond his ability to pay as they matured.

46. As such, the Transfer constitutes a fraudulent conveyance in violation of § 548(a)(1)(B) of the Bankruptcy Code.

47. Defendant is the initial or immediate transferee of the Transfer within the meaning of 11 U.S.C. § 550(a).

48. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant, under §§ 548(a)(1)(B) and 550(a)(2) of the Bankruptcy Code: (a) avoiding the Transfer; (b) setting aside the Transfer as a fraudulent conveyance; (c) in an amount as yet undetermined, but in no event less than $101,826.46, together with interest thereon, and (d) for a full and complete accounting therefor.

### **EIGHTH CLAIM FOR RELIEF**
(Preferential Transfer)

49. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "48" as if set forth fully herein.

50. Upon information and belief, the Defendant was an inside of the Debtor as that term is defined by the Bankruptcy Code.

51. The Transfer was made within one year of the Filing Date.

52. The Transfer was made to, or for the benefit of, the Defendant.

53. Upon information and belief, the Transfer was made on account of an antecedent debt owed by the Debtor to the Defendant.

54. The Transfer was made while the Debtor was insolvent.

55. The Transfer enabled the Defendant to receive more than he would have otherwise received: (a) in the Debtor's Chapter 7 bankruptcy case; (b) if the Transfer had not been made; and (c) if the Defendant received payment to the extent provided by the provisions of the Bankruptcy Code.

56. By reason of the foregoing, the Transfer is voidable and recoverable by the Trustee under §§ 547(b) and 550 of the Bankruptcy Code.

57. By reason of the foregoing, Plaintiff is entitled to a judgment against the Defendant: (a) setting aside the Transfer; and (b) in an amount as yet undetermined, but in no event less than $101,826.46, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court.

**WHEREFORE**, the Plaintiff demands judgment on her claims for relief against the Defendant as follows:

1. On the first claim for relief, a judgment against the Defendant, under §§ 541 and 542 of the Bankruptcy Code: (a) in an amount as yet undetermined, but in no event less than $101,826.46; (b) declaring the Transfer to be the property of the estate; (c) directing the Defendant to immediately turnover the Transfer; and (d) for a full and complete accounting of the Defendant's use of the Transfer;

2. On the second claim for relief, a judgment against the Defendant: (a) setting aside the Transfer; and (b) in an amount as yet undetermined, but in no event less than $101,826.46, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court;

3. On the third claim for relief, a judgment against the Defendant: (a) setting aside the Transfer; and (b) in an amount as yet undetermined, but in no event less than $101,826.46, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court;

4. On the fourth claim for relief, a judgment against the Defendant: (a) setting aside the Transfer; and (b) in an amount as yet undetermined, but in no event less than $101,826.46, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court;

5. On the fifth claim for relief, a judgment against the Defendant, under New York State Debtor and Creditor Law § 276(a) for reasonable attorney's fees in an amount to be determined by the Court in connection with the prosecution of this action;

6. On the sixth claim for relief, a judgment against the Defendant, under §§ 548(a)(1)(A) and 550(a)(2) of the Bankruptcy Code: (a) avoiding the Transfer; (b) setting aside the Transfer as a fraudulent conveyance; (c) in an amount as yet undetermined, but in no event less than $101,826.46, together with interest thereon, and (d) for a full and complete accounting therefor;

7. On the seventh claim for relief, for a judgment against the Defendant, under §§ 548(a)(1)(B) and 550(a)(2) of the Bankruptcy Code: (a) avoiding the Transfer; (b) setting aside the Transfer as a fraudulent conveyance; (c) in an amount as yet undetermined, but in no event less than $101,826.46, together with interest thereon, and (d) for a full and complete accounting therefor;

8. On the eighth claim for relief, for a judgment against the Defendant, under §§ 547(b) and 550(a)(2) of the Bankruptcy Code: (a) avoiding the Transfer; (b) setting aside the Transfer as a preferential transfer; and (c) in an amount as yet undetermined, but in no event less than $101,826.46, together with interest thereon; and

9. For such other further and different relief as this Court may deem just and proper.

Dated: Wantagh, New York
March 3, 2008

**LAMONICA HERBST & MANISCALCO, LLP**
Attorneys for Debra Kramer,
Chapter 7 Trustee for the Estate of Davanand Singh

By: */s/ David A. Blansky*
David A. Blansky (DAB#1260)
A Member of the Firm
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500

*Singh, Davanand/Adv Pro/Complaint.wpd*

9